# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| TJ BIGGZ LLC; and<br>MATTHEW MORRIS, JR., <br><br>  Plaintiffs/Counterclaim-Defendants,<br><br>  vs.<br><br>BRAINOVA, LLC; and<br>QUAIS SARWARY,<br><br>  Defendants/Counterclaim-Plaintiffs. | Case No. 6:23-cv-1904-RMN |

## **ORDER**

This matter is before the Court on a motion for partial summary judgment (Dkt. 37), filed by Defendants and Counterclaim-Plaintiffs Brainova LLC and Quais Sarwary ("Defendants") on January 8, 2025. Plaintiffs and Counterclaim-Defendants TJ Biggz LLC and Matthew Morris, Jr. ("Plaintiffs") did not file a response in opposition to the motion and the time to do so expired on February 7, 2025. *See* Dkt. 36 ("CMSO") at 11 (providing 30 days for a party to file a response to a summary judgment motion).

## I. BACKGROUND

At one time, Plaintiffs and Defendants worked together to manufacture and sell dietary supplements. The relationship soured, resulting in this lawsuit. Plaintiffs raise several claims in their complaint, including a one based on Florida's civil theft statute. Dkt. 1-1 ("Comp.") ¶¶ 74-81 (asserting a claim under section 772.11 of the Florida Statutes in Count V). Defendants move for summary judgment on this claim because Plaintiffs did not make a written demand, which is a statutory condition precedent. Dkt. 37 at 2.

## II. LEGAL STANDARDS

Summary judgment is appropriate when evidence shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Quigg v. Thomas Cnty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016) (alteration adopted and quotation omitted).

## III. ANALYSIS

The Court considers first Plaintiffs' failure to respond to the motion and then the merits of Defendants' arguments.

### A. Failure to Respond

Plaintiffs did not file a response to the motion. The "mere failure of the non-moving party to create a factual dispute does not automatically authorize the entry of summary judgment for the moving party." *Dixie Stevedores, Inc. v. Marinic Mar., Ltd.*, 778 F.2d 670, 673 (11th Cir. 1985). Instead, "Rule 56 requires the moving party to

demonstrate the absence of a genuine issue of fact." *Id.* In *United States v. One Piece of Prop., 5800 S.W. 4th Ave., Miami, Fla.*, 363 F.3d 1099 (11th Cir. 2004), the Eleventh Circuit held that "[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *Id.* at 1101. In so doing, the court recognized Rule 56(e)'s admonition that, if "'the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.'" *Id.* (emphasis in original); *see also Trustees of the Cent. Pension Fund of the Int'l Union of Operating Eng'rs &Participating Emps. v. Wolf Crane Ser.*, 374 F.3d 1035, 1040 (11th Cir.2004) (vacating and remanding the district court's grant of summary judgment, in part, "[b]ecause summary judgment cannot be granted as a sanction for merely failing to file a response to a motion for summary judgment"). For this reason, the Court will not enter summary judgment against based solely on Plaintiffs' failure to respond to the motion.

### B.     The Statutory Demand Requirement

Section 772.11 of the Florida statutes provides a cause of action for civil theft.[1] *See* Fla. Stat. § 772.11(1). Before filing an action for damages under this statute, a plaintiff must make a "written demand for $200 or the treble damage amount of the person liable for damages." *Id.* Defendants argue that Plaintiffs did not propound the pre-suit demand required by Florida law, and so the Court should

---

[1] Under Florida law, a cause of action for civil theft "derives from two statutory sources: the criminal section setting forth the elements of theft, and the civil section granting private parties a cause of action for a violation of the criminal section." *Ames v. Provident Life & Accident Ins.*, 942 F. Supp. 551, 560 (S.D. Fla.1994).

grant summary judgment in their favor on the civil theft claim. This argument rests on two questions. The first is whether Defendants have satisfied their initial burden under Rule 56 about Plaintiffs' written demand. If the answer is yes, the Court must also consider if the absence of a pre-suit written demand is fatal to Plaintiffs' civil theft claim.

### 1. Is there a triable issue of fact?

Defendants do not point to any part of the record to support their motion, arguing only that "through the course of litigation, the Plaintiffs have not demonstrated that they made the proper statutory demand prior to filing a cause of action for Civil Theft, or in the alternative, have not established any conduct on the part of the Defendants that would constitute a waiver of a statutory condition precedent." Dkt. 37 at 2. The Court must decide whether this attorney argument satisfies Defendants' initial burden under Rule 56.

The Eleventh Circuit has explained how litigants and courts should navigate Rule 56. The moving party bears the initial responsibility of informing the court of the "basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala. ("Four Parcels")*, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the nonmoving party has the burden of proof at trial, the movant need not support its motion with affidavits or other similar material negating the opponent's claim to discharge this initial

responsibility. *Id.* The movant may instead show an "absence of evidence to support the nonmoving party's case" or "support its motion for summary judgment with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.* at 1437–38 (quoting and citing *Celotex*, 477 U.S. at 324, 331 (Brennan, J., dissenting)). If the movant shows the absence of a triable issue of fact by either method, the burden on summary judgment shifts to the nonmoving party, who must show that a genuine issue remains for trial. *Id.* at 1438 (citing Rule 56(e) and *Chanel, Inc. v. Italian Activewear, Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991)). If the nonmoving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, the moving party is entitled to summary judgment. *Id.* (quoting *Celotex*, 477 U.S. at 323).

When, as here, a movant seeks to show an absence of evidence to support a nonmovant's case, the movant must do more than "simply to state that the non-moving party cannot meet its burden at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991); *see also Celotex*, 477 U.S. at 328 (White, J., concurring) ("it is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case"); *see also id.* at 332 (Brennan, J., dissenting). Rather, the movant "must point to specific portions of the record in order to demonstrate that the nonmoving party cannot meet its burden of proof at trial." *Four Parcels*, 1438 n.19 (citing *Celotex*, 477 U.S. at 325). Indeed, the Eleventh Circuit has stressed the movant must "show the district court, by reference to materials

on file, that there are no genuine issues of material fact that should be decided at trial" to satisfy its initial burden under Rule 56. *Clark*, 929 F.2d at 608.

Here, Defendants do not point to any part of the record—or to any evidence at all—to show Plaintiffs have not sent the required written demand. Defendants rely instead on counsel's statement that Plaintiffs have produced no evidence of a demand. But an attorney's argument is not evidence. *Lehrfield v. Liberty Mut. Fire Ins. Co.*, 396 F. Supp. 3d 1178, 1183 (S.D. Fla. 2019) (citing *Bryant v. U.S. Steel Corp.*, 428 F. App'x 895, 897 (11th Cir. 2011)); *Latele Tele., C.A. v. Telemundo Commc'ns Grp., LLC*, No. 1:12-cv-22539, 2014 WL 7272974, at *7 (S.D. Fla. Dec. 18, 2014) (Goodman, Mag. J.) ("Rhetoric and attorney argument are no substitute for record evidence."). And a "conclusory assertion that the plaintiff has no evidence to prove his case" is "not enough" to satisfy a movant's initial burden under Rule 56. *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting); *see also Clark*, 929 F.2d at 608 ("Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial."). So, because Defendants have not satisfied their initial burden under Rule 56, the motion must be denied.[2]

### 2. Is the lack of a written pre-suit demand fatal?

Even if Defendants had satisfied their initial burden under Rule 56, their argument presumes the failure to make a written demand before filing suit forecloses a civil theft claim. This is a

---

[2] Rule 56 also presumes "that both parties have had sufficient time for discovery," which is not the case here. *See, e.g.*, *Four Parcels*, 941 F.2d at 1438 n.21.

misassumption. Florida courts generally do not dismiss civil theft claims based on the failure to make the written demand—especially where the complaint alleges (as here) all conditions precedent have been satisfied—unless the statute of limitations had run. *See, e.g.*, *Nerbonne, N.V. v. Lake Bryan Int'l Props.*, 689 So. 2d 322, 326 (Fla. 5th DCA 1997) (reversing a grant of summary judgment on civil theft counterclaim); *Seymour v. Adams*, 638 So.2d 1044, 1048 (Fla. 5th DCA 1994) (reversing grant of summary judgment on civil theft counterclaim). Nor have members of this Court found such a failure to be fatal. *See, e.g.*, *Conseco Ins. v. Clark*, No. 8:06-cv-462, 2006 WL 2024401, at *5 (M.D. Fla. July 17, 2006) (denying motion to dismiss section 772.11 claim and granting leave to the plaintiff to "amend his pleadings in order to remedy the deficiencies of the current pleadings" up to the deadline for dispositive motions). So the motion should also be denied on the merits.

## IV.  CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendants and Counterclaim-Plaintiffs Brainova LLC and Quais Sarwary's motion for partial summary judgment (Dkt. 37) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on February 14, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:
Counsel of Record