UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| TJ BIGGZ LLC; and MATTHEW MORRIS, JR., <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> vs. <br><br> BRAINOVA, LLC; and QUAIS SARWARY, <br><br> Defendants/Counterclaim-Plaintiffs. | Case No. 6:23-cv-1904-RMN |

## ORDER

This matter is before the Court without argument on a Stipulation For Voluntary Dismissal With Prejudice (Dkt. 45), jointly filed by the parties on May 8, 2025. In this document, the parties dismiss this action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), notify the Court that all claims and counterclaims are dismissed with prejudice, and state that the "Court retains [j]urisdiction to enforce the terms of the settlement agreement." *Id.* at 1.

Under Rule 41(a)(1)(A)(ii), a plaintiff may voluntarily dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. A stipulation filed under this

section is self-executing. *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1277–78 (11th Cir. 2012). "District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction." *Id.* at 1278.

This case is dismissed with prejudice under Rule 41(a). The Clerk is directed to terminate all deadlines and close this file.[1]

**SO ORDERED** in Orlando, Florida, on May 8, 2025.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record

---

[1] The Court does not—and indeed cannot—retain jurisdiction to enforce the parties' agreement because the filing is not a motion, the parties did not request entry of an order before dismissal, and did not condition dismissal on entry of a court order retaining jurisdiction. *See Anago Franchising*, 677 F.3d at 1280–81 ("The district court did not retain jurisdiction to enforce the Settlement Agreement here because the court issued no such order before the case was dismissed and the stipulation was not conditioned by the entry of an order retaining jurisdiction.").